UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

JOHN WAYNE ZIBOLSKY,

    Petitioner,

v.                                             Case No. 17-cv-1204-pp

BRYAN BARTOW,

    Respondent.

**ORDER GRANTING MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYING FILING FEE (DKT. NO. 2), SCREENING *HABEAS* PETITION (DKT. NO. 1) AND REQUIRING RESPONDENT TO FILE ANSWER OR RESPONSIVE PLEADING**

On September 6, 2017, the petitioner, representing himself, filed a petition for writ of *habeas corpus* under 28 U.S.C. §2254, challenging his November 15, 2013 convictions in Brown County Circuit Court for taking and driving a vehicle without the owner's consent and operating while intoxicated (fifth offense). Dkt. No. 1 at 2. He has not paid the $5.00 filing fee associated with a federal *habeas* petition, but has filed a motion for leave to proceed without prepaying it. Dkt. No. 2. This order grants that motion and screens the petition under Rule 4 of the Rules Governing Section 2254 Cases. Because it does not plainly appear from the face of the petition that the petitioner is not entitled to relief on grounds one and two of his petition, the court will order the respondent to answer or otherwise respond.

1

## I. Background

### A. Underlying State Proceedings

In February 2012, the State of Wisconsin charged the petitioner with (1) operating while intoxicated, fifth offense; (2) operating with prohibited alcohol concentration, fifth or sixth offense; (3) taking and driving a vehicle without consent; (4) criminal damage to property; (5) hit and run; and (6) disorderly conduct. Dkt. No. 1 at 2; see also State of Wisconsin v. John W. Zibolsky, Brown County Case Number 2012CF000163, available at https://wcca.wicourts.gov/. On September 4, 2012, the petitioner entered a no contest plea on the OWI count and an Alford plea on the Take and Drive Vehicle Without Consent count. Id. On March 8, 2013, the trial court sentenced the petitioner to a term of four years' imprisonment, "consecutive to any sentence now serving" with a three-year term of supervised release. Id. The petitioner appealed, arguing "right to jurisdiction," that the court conducted a defective plea hearing, that he received ineffective assistance of counsel and that he was not guilty by reason of mental disease or defect. Id. at 3. The petitioner wrote that the result of his appeal was "no merit brief." Id. He checked the box on the form *habeas* petition indicating that he did not seek further review in the Wisconsin Supreme Court. Id. From publicly available records, it appears that petitioner's appellate counsel submitted a no merit report on October 3, 2014 and the Wisconsin Court of Appeals summarily affirmed the judgment on January 27, 2015. State v. John W. Zibolsky, Appeal Number 2014AP001816-CRNM, available at https://wscca.wicourts.gov/. The

public record indicates that the petitioner did not seek review in the Wisconsin Supreme Court. Id.

The petitioner states that on July 11, 2017, he filed in the circuit court a post-conviction motion umder Wis. Stat. §974.06. Dkt. No. 1 at 5. He states that that motion argued "reserving right to jurisdiction," "dismiss with prejudice," defective plea colloquy, that the petitioner received ineffective assistance of counsel and that he was not guilty by reason of mental disease or defect and ineffective assistance of counsel. Id. The petitioner indicates that this motion was denied. Id. He says he filed a second Wis. Stat. §974.06 motion on June 2, 2017, and a third petition in the Wisconsin Supreme Court in July of 2017. Id. at 7.

Publicly available records do not reflect any circuit court filings from the petitioner on July 11, 2017. State v. Zibolsky, Brown County Case No. 2012CF000163, available at https:// wcca.wicourts.gov/. The record *does* show that on July 11, 2017, the Wisconsin Supreme Court issued an order declining to act on certain documents the petitioner had filed. Id. The docket reveals that the petitioner filed a motion "to set aside and correct sentence" in October 2016, which the circuit court denied on January 25, 2017. Id. It also shows that on April 3, 2017, the petitioner filed a motion to vacate his judgment of conviction and plea. Id. The circuit court denied that motion on June 5, 2017. Id. In August 2018, it appears that the circuit court ordered the petitioner to undergo a competency evaluation, and on March 25, 2019, the circuit court judge entered an order finding the defendant not competent to

proceed, but likely to regain competency. Id. Several weeks later, the petitioner—through appointed counsel—filed a notice of intent to pursue post-conviction relief. Id. The last activity on the publicly available docket appears to be from September 23, 2019, when the petitioner filed a motion to extend the deadline for filing a post-conviction motion or notice of appeal. Id. The court is not aware of any post-conviction motion that has been filed, nor is it aware of any further deadline set by the Wisconsin Court of Appeals.

B. Federal *Habeas* Proceedings

The petitioner put his petition into the prison mail system on September 4, 2017. Dkt. No. 1 at 16. Under "Ground One" of the "Grounds for Relief" section of the petition, the petitioner listed (1) "Due-process; jurisdiction, Native American," (2) an allegation that the trial court conducted a defective plea colloquy, and (3) that he received ineffective assistance of counsel. Id. at 8. The petitioner attached to the petition a statement of facts which asserted that he received a defective plea colloquy because the judge did not (a) inquire into the petitioner's understanding of the proceedings, (b) ascertain whether the petitioner understood the charges and elements of those charges, (c) inform the petitioner of the constitutional rights he was waiving, and/or (d) explain how his sentence of extended supervision would be counted after his period of incarceration. Dkt. No. 1-1 at 2-3. He says his plea was not knowingly, intelligently and voluntarily entered. Id. at 4-5. Additionally, the petitioner states that he did not receive effective assistance of counsel because his lawyer did not argue that the petitioner was not guilty by reason of mental disease or

4

defect. Id. at 8. He says that his counsel never asked the court to order a mental competency exam, despite having reason to doubt the petitioner's competency. Id. at 9. Finally, the petitioner explains that he should not have been charged in the state courts, but instead in federal court because he is a Native American. Id. at 14.

The court did not screen the petition in a timely manner. Over the next several months, the petitioner filed a letter asking about the status of his case (dkt. no. 7), a statement in support of the petition, (dkt. no. 8), two briefs (dkt. nos. 9, 10), a document titled "factual background" (dkt. no. 11), another brief in support of a writ of assistance (dkt. no. 12), a letter about the petitioner's presentence credit (dkt. no. 13), another brief (dkt. no. 14), another letter about custody credit (dkt. no. 15) and a letter asking about the status of his case (dkt. no. 16). Three months after the court received the petition, it received another brief, the last line of which informed the court that he would be released from custody on December 19, 2017. Dkt. No. 17. The court checked the Wisconsin Department of Corrections' Inmate Locator to verify the petitioner's custodial status; he was released to extended supervision on December 19, 2017 and remains on active supervision. *General Public-Offender Search*, WISCONSIN DEP'T OF CORRECTIONS, available at: appsdoc.wi.gov/lop/home.do (last visited July 24, 2020).[1]

---

[1] Because the petitioner remains on extended supervision, he has standing to proceed on his federal *habeas* petition. See Spencer v. Kemna, 523 U.S. 1, 7 (1998) ("An incarcerated convict's (or a parolee's) challenge to the validity of his conviction always satisfies the case-or-controversy requirement, because the incarceration (or the restriction imposed by the terms of the parole) constitutes

5

The last communication the court received from the petitioner was a handwritten letter dated January 14, 2019. Dkt. No. 20. The letter says that the petitioner has written to the 3rd District Court of Appeals of Wisconsin and the United States Department of Justice to inform these entities that certain Constitutional protections applied to probation and parole proceedings. Id. The letter does not state that the petitioner has had his probation revoked or allege that the state employed unconstitutional procedures in his probation revocation proceedings. Instead, the letter lists a number of due process protections that the Constitution affords to people subject to probation or parole revocation. Id. at 2.

The court regrets its delay in addressing his case; the fault lies with the court alone. This order should restart proceedings so that this case may come to a resolution.

## II.     Motion for Leave to Proceed Without Prepayment (Dkt. No. 2)

There is a $5.00 filing fee for filing a *habeas* petition. 28 U.S.C. §1914(a). The petitioner filed a motion for the court to allow him to proceed without prepaying that fee. Dkt. No. 2. The motion states that he has no assets. Id. at 2. The petitioner submitted a trust account statement which showed that his regular prison account had a start balance of $3.25 and an end balance of $0.00. The court will allow the petitioner to proceed without prepaying the filing fee.

---

a concrete injury, caused by the conviction and redressable by invalidation of the conviction."). If the petitioner's supervised release ends during these proceedings, the petition may become moot.

6

### III. Rule 4 Screening

A. <u>Standard</u>

Rule 4 of the Rules Governing §2254 Proceedings provides that

> If it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner. If the petition is not dismissed, the judge must order the respondent to file an answer, motion or other response within a fixed time, or to take other action the judge may order.

A court allows a *habeas* petition to proceed unless it is clear that the petitioner is not entitled to relief in the district court. At the screening stage, the court expresses no view as to the merits of any of the petitioner's claims. Rather, the court reviews the petition and exhibits to determine whether the petitioner alleges he is in custody in violation of the "Constitution or laws or treaties of the United States." 28 U.S.C. §22554(a). The court also considers whether the petitioner filed within the limitations period, exhausted his state court remedies and avoided procedural default. Generally, a state prisoner must file his *habeas* petition within one year of the judgment becoming final. 28 U.S.C. §2254(d)(1)(A). In addition, the state prisoner must exhaust the remedies available in the state courts before the district court may consider the merits of his federal petition. 28 U.S.C. §2254(b)(1)(A). If the district court discovers that the petitioner has included an unexhausted claim, the petitioner either must return to state court to exhaust the claim or amend his petition to present only exhausted claims. <u>Rose v. Lundy</u>, 455 U.S. 509, 510 (1982).

Finally, even if a petitioner has exhausted a claim, the district court still may be barred from considering the claim if the petitioner failed to raise the

claim in the state's highest court in a timely fashion or in the manner prescribed by the state's procedural laws. See O'Sullivan v. Boerckel, 526 U.S. 838, 848 (1999); Thomas v. McCaughtry, 201 F.3d 995, 1000 (7th Cir. 2000).

B. Analysis

The petitioner claims that the circuit court judge conducted a defective plea colloquy and that his plea was not freely, intelligently and voluntarily entered. This claim implicates the petitioner's rights under the Fifth Amendment of the United States Constitution and is a cognizable claim on federal *habeas* review. See Warren v. Baenen, 712 F.3d 1090, 1102 (7th Cir. 2013). The petitioner's second claim is that he received ineffective assistance of trial counsel in entering his plea; this claim implicates the petitioner's Sixth Amendment right to counsel and is also a cognizable claim on federal *habeas* review. Id. at 1102-03.

The petitioner's final claim is that the Wisconsin courts did not have jurisdiction to prosecute him because he is a member of the Sokaogon Chippewa tribe. Dkt. No. 4 at 6. The court will not allow the petitioner to proceed on that ground. In 2006, the Seventh Circuit decided an appeal involving a member of the Lac du Flambeau Band of Lake Superior Chippewa Indian who filed a petition for a writ of *habeas corpus* alleging that the State of Wisconsin did not have jurisdiction to commit him under Chapter 980 of the Wisconsin Statutes because he was a legal resident of the tribe. Burgess v. Watters, 467 F.3d 676, 678 (7th Cir. 2006). In reviewing the history of the case, the Seventh Circuit noted that the petitioner had been convicted of attempted

8

second-degree sexual assault of a child in Wisconsin state court and remarked that

> [t]here is no question that the Wisconsin Circuit Court had jurisdiction, conferred by § 2 of Public Law 280, to try [the petitioner] for this crime. See *State v. Webster*, 114 Wis.2d 418, 338 N.W.2d 474, 476 (1983) ("Public Law 280 gave certain states, including Wisconsin, jurisdiction over crimes committed by or against Indians in Indian country within each state."); see also 18 U.S.C. §1162(a) ("[T]he criminal laws of such state or territory shall have the same force and effect within such Indian country as they have elsewhere within the State or Territory.").

<u>Id.</u> at 678. Later in the decision, the court explained its reasoning more fully:

> As a general matter, Indian tribes "retain attributes of sovereignty over both their members and their territory"; "tribal sovereignty is dependent on, and subordinate to, only the Federal government, not the States." *California v. Cabazon Band of Mission Indians,* 480 U.S. 202, 207, 107 S.Ct. 1083, 94 L.Ed.2d 244 (1987) (internal citations omitted). Although a state is not completely barred from exercising jurisdiction over the activities of tribal members on reservation land lying within its boundaries, "the exercise of state jurisdiction is limited and must be based upon a specific grant of authority by Congress." *St. Germaine v. Circuit Court for Vilas County,* 938 F.2d 75, 76 (7th Cir.1991). One such delegation of authority is found in Public Law 280, which grants six states, including Wisconsin, "jurisdiction over specified areas of Indian country." *Cabazon,* 480 U.S. at 207, 107 S.Ct. 1083. In enacting Public Law 280, Congress was primarily concerned with "the problem of lawlessness on certain Indian reservations," as well as the "absence of adequate tribal institutions for law enforcement." *Bryan v. Itasca County, Minn.,* 426 U.S. 373, 379, 96 S.Ct. 2102, 48 L.Ed.2d 710 (1976). **With this in mind, the "central focus" of the Act, *id.* at 380, 96 S. Ct. 2102, was to give the enumerated states "broad criminal jurisdiction over offenses committed by or against Indians within all Indian country within the State."** *Cabazon,* 480 U.S. at 207, 107 S. Ct. 1083. Section 2 of the Act therefore grants "jurisdiction over offenses committed by or against Indians in the areas of Indian country . . . to the same extent that such State or Territory has jurisdiction over offenses committed elsewhere within the State or Territory, and the criminal laws of such State or Territory shall have the same force

9

and effect within such Indian country as they have elsewhere within the State or Territory." 18 U.S.C. § 1162(a).

Id. at 682 (emphasis added).

Because the state of Wisconsin has jurisdiction to prosecute members of Native American tribes for criminal offenses, the court cannot allow the petitioner's third claim to proceed.

The court has concerns about whether the petitioner sufficiently presented his first two claims to all levels of the Wisconsin courts, in light of his admission that he did not petition the Wisconsin Supreme Court on direct review. Dkt. No. 1 at 3. Without the benefit of examining the entire record of the petitioner's post-conviction motions in the Wisconsin courts, however, it is premature for the court to determine whether the petitioner properly exhausted his two remaining grounds for federal relief. Further, any failure to exhaust would result in procedural default—an affirmative defense more appropriately raised and argued by the respondent. See Perruquet v. Briley, 390 F.3d 505, 515 (7th Cir. 2004).

The court also has concerns about the timeliness of the petition, given that the public records indicate that the Wisconsin Court of Appeals summarily affirmed the judgment in January of 2015 and the petitioner did not file this petition until September of 2017. See State of Wisconsin v. Zibolsky, Brown County Case Number 2012CF000163, available at https://wcca.wicourts.gov/. Perhaps the petitioner can show that the one-year statute of limitations under the Antiterrorism and Effective Death Penalty Act did not expire before he filed his petition. Because AEDPA's statute of limitations defense is an affirmative

10

defense which can be waived, Day v. McDonough, 547 U.S. 198, 205 (2006), the court will not dismiss the petition as untimely at this point.

At this stage, the court cannot say that it plainly appears from the face of the petition that the petitioner is not entitled to relief on grounds one and two of his petition; it will require the respondent to answer or otherwise respond to those grounds. Nothing in this order, however, prevents the respondent from arguing that the petitioner failed to exhaust his claims or that the petition is untimely.

### III. Conclusion

The court **GRANTS** the petitioner's motion for leave to proceed without prepayment of the filing fee. Dkt. No. 4.

The court **ORDERS** that the petitioner may proceed on the two grounds discussed in this order.

The court **ORDERS** that within sixty days of the date of this order, the respondent shall answer or otherwise respond to the petition, complying with Rule 5 of the Rules Governing §2254 Cases, and showing cause, if any, why the writ should not issue.

The court **ORDERS** that the parties must comply with the following schedule for filing briefs on the merits of the petitioner's claims:

(1) the petitioner has forty-five days after the respondent files the answer to file a brief in support of his petition;

(2) the respondent has forty-five days after the petitioner files his initial brief to file a brief in opposition;

(3) the petitioner has thirty days after the respondent files the opposition brief to file a reply brief, if he chooses to file such a brief.

If, instead of filing an answer, the respondent files a dispositive motion:

(1) the respondent must include a brief and other relevant materials in support of the motion;

(2) the petitioner then must file a brief in opposition to that motion within forty-five days of the date the respondent files the motion;

(3) the respondent has thirty days after the petitioner files his opposition brief to file a reply brief, if the respondent chooses to file such a brief.

The parties must submit their pleadings in time for the court to *receive* them by the stated deadlines.

Under Civil Local Rule 7(f), briefs in support of or in opposition to the *habeas* petition and any dispositive motions shall not exceed thirty pages, and reply briefs may not exceed fifteen pages—not counting any statements of fact, exhibits and affidavits. The court asks the parties to double-space any typed documents.

Under the Memorandum of Understanding between the Wisconsin Department of Justice (DOJ) and the U.S. District Court for the Eastern District of Wisconsin, the court will notify the DOJ (through the Criminal Appeals Unit Director and lead secretary) of this order via Notice of Electronic Filing (NEF). The DOJ will inform the court within twenty-one days of the date of the NEF whether it will accept service on behalf of the respondent (and, if not, the reason for not accepting service and the last known address of the

respondent). The DOJ will provide the pleadings to the respondent on whose behalf it has agreed to accept service of process.

Dated in Milwaukee, Wisconsin this 28th day of July, 2020.

**BY THE COURT:**

**HON. PAMELA PEPPER**
**Chief United States District Judge**